# DeSIMONE & ASSOCIATES LLC
745 Fifth Avenue, Suite 500
New York, New York 10151

Telephone (646) 776-7425
Telecopier (212) 207-3111

January 10, 2019

**VIA ECF**

Hon. Naomi Reice Buchwald
U.S. District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

    Re: *Michael Rapaport, et al. v. Barstool Sports, Inc. et al.*, S.D.N.Y. No. 1:18-cv-08783

Dear Judge Buchwald:

    We represent Plaintiffs Michael Rapaport and Michael David Productions, Inc. in this action and write to request a pre-motion conference regarding Plaintiffs' proposed Motion to Strike portions of Defendants' Answer pursuant to Fed. R. Civ. Pro. Rule 12(f) and for sanctions pursuant to Fed. R. Civ. Pro. Rule 11.

    As Your Honor may recall, Plaintiffs brought this breach of contract claim against Defendant Barstool Sports and this defamation per se claim against all Defendants. In short, the defamation per se claim is based upon a series of publications made by the Defendants on the Barstool Sports website and social media accounts stating that Mr. Rapaport suffers from the sexually transmitted disease herpes. (Complaint ¶¶ 19, 22-27).

    Defendants interposed their Answer on December 21, 2018. Unfortunately, Defendants have chosen to plead scandalous matters that are impertinent and immaterial to this matter and should be stricken. (See Answer, Affirmative Defense No. 1, ¶¶ 4-10; Affirmative Defense No. 4, ¶ 17; Counterclaim, ¶¶ 28-30). We will not set forth the contents of the Defendants' allegations in this letter, but instead respectfully refer the Court to those paragraphs of the Answer cited above for their contents. There can be no serious dispute that these allegations should be stricken by the Court as they serve no legitimate purpose other than to further harass and embarrass Mr. Rapaport.

Defendants pled this material under the guise of an affirmative defense that Mr. Rapaport is defamation-proof "because his reputation is so badly tarnished that it cannot be harmed any further." (See Answer, Affirmative Defense No.1, ¶2). Apparently, Defendants believe that they are free to defame anyone they choose so long as they can justify it by combing through that person's life history and find the most embarrassing things possible to throw back at that individual, even if it doesn't involve the issues at hand. Such allegations have no place in a federal court pleading and such conduct should not be tolerated.

It is self-evident that Defendants' sole purpose of pleading such allegations was to further harass, embarrass and humiliate Mr. Rapaport. *See Katz v. Looney*, 733 F. Supp. 1284, 1288 (W.D. Ark. 1990). Obviously, Defendants were hoping that various entertainment news outlets would pick-up on their court filing as they did with previous filings and publish the contents of their Answer. Given the Defendants' previous conduct towards Mr. Rapaport, we should not be surprised.

Although we are aware that motions to strike are not generally favored, given the material alleged, the motive behind Defendants' conduct, and the fact that there is absolutely no legitimate purpose behind these allegations, the allegations should be stricken. *See Morse v. Weingarten et al.*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991). Even if this Court were to find that the allegations pled by Defendants' are material, they should still be stricken as "immaterial" as they provide unnecessary detail and clearly detract from the dignity of the Court. *Gleason v. Chain Services Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969); *Khalid Bin Talal v. E.F. Hutton & Co, Inc.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989)

Additionally, given the obvious untoward motivation behind including such allegations in their Answer, sanctions are warranted against Defendants pursuant to Rule 11.

Plaintiff's request that Defendants strike the foregoing cited paragraphs from their Answer or that Plaintiffs be given permission to bring a motion to strike and for sanctions.

Respectfully submitted,

David Beke

cc: Ricardo Cestero, Esq.
Barry Werbin, Esq.