```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/13/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

MICHAEL RAPAPORT and MICHAEL
DAVID PRODUCTIONS, INC.,

    Plaintiffs,

 -against-

BARSTOOL SPORTS, INC., ADAM SMITH,
KEVIN CLANCY, ERIC NATHAN and
DAVID PORTNOY,

    Defendants.

------------------------------------- X
------------------------------------- X

BARSTOOL SPORTS, INC.,

    Counterclaimant,

 -against-

MICHAEL RAPAPORT and MICHAEL
DAVID PRODUCTIONS, INC,

    Cross-Defendants.

------------------------------------- X

Case No. 1:18-CV-08783

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

NAOMI R. BUCHWALD, U.S.D.J.:

WHEREAS, Plaintiffs and Cross-Defendants Michael Rapaport and Michael David Productions, Inc. ("MDP") (collectively, "Plaintiffs"), and Defendant and Counterclaimant Barstool Sports, Inc. ("Barstool"), and Defendants Adam Smith, Kevin Clancy, Eric Nathan and David Portnoy (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to as "Parties" and individually referred to as "Party") request that this Court issue a protective order under Federal Rule of Civil Procedure 26(c) to protect the confidential of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon penalty of contempt:

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting or defending this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, that this Order does not

entitle them to file confidential information under seal. The Parties must follow applicable rules and procedures when a party seeks permission from the Court to file under seal.

## 2. **GOOD CAUSE STATEMENT**

This Action may involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary documents and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of documents and information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such documents or information in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that documents or information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

## 3. **DEFINITIONS**

3.1     Action: the instant action, *Michael Rapaport, et al. v. Barstool Sports, Inc., et al.*, United States District Court for the Southern District of New York, Case No. 1:18-CV-08783, and includes any counterclaims, cross-claims, or third-party claims that have or will be filed.

3.2 Challenging Party: a Party or Non-Party that challenges the designation of documents or information under this Order.

3.3 "CONFIDENTIAL" Information or Items: documents, information (regardless of how it is generated, stored or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the "Good Cause Statement" above.

3.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 Designating Party: a Party or Non-Party that designates documents or information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 Disclosure or Discovery Material: all documents and information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as a consulting or testifying expert in this Action.

3.8 In-House Counsel: attorneys who are employees of a Party (and/or its corporate parent or affiliates) to this Action, as well as their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and their support staff. Outside Counsel of Record also includes attorneys retained to represent third parties subject to subpoenas issued in this Action.

3.11    Party: any party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). Parties shall collectively mean each Party to this Action.

3.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any documents or information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following documents or information: (a) any documents and information that are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the documents or information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by orders of the Court. This Order does not govern the use of Protected Material at trial.

08032-00008/3122371.2

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action and the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates documents or information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of documents or information that qualify for protection so that other portions of the documents or information for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited under this Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that documents or information that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before it is disclosed or produced.

08032-00008/3122371.2

6.3 <u>Designation of Protected Material</u>. Except as otherwise provided in this Order, designation of Protected Material in conformity with this Order requires:

(a) for documents (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial documents), the Producing Party must affix, at a minimum, the word "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like scanned and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants scanned and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for depositions, a Party shall give the other Parties notice if it reasonably expects a deposition, hearing, or other proceeding to involve Protected Material so the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not affect its designation as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all

-7-

08032-00008/3122371.2

pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the word "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.4 <u>Inadvertent Failures to Designate</u>. If corrected within fifteen (15) business days, an inadvertent failure to designate qualified documents or information does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon a Producing Party timely making or correcting a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party may challenge a confidentiality designation at any time that is consistent with the Court's Scheduling Order, and if there is none, Federal Rules of Civil Procedures and the Court's Local Rules. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of this Order. The Parties shall attempt to resolve each challenge in good faith.

7.3     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, then, in accordance with Rule 1.A. of the Court's Individual Practices, and Southern District of New York Local Rule 37.2, the Designating Party shall request an informal conference with the Court by letter motion for a pre-motion conference.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to treat the documents or information as Protected Material until the Court rules on the challenge.

## 8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated as "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, including employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

    (e)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action;

    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)  the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the information set forth in the document;

    (h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary (unless otherwise ordered by the court) provided that the witness and attorneys for witness (1) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) will not be permitted to keep or retain any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

    (i)  any mediator or settlement officer, and their support staff, mutually agreed upon by any of the Parties engaged in settlement discussions, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena, discovery request, or court order in other litigation that compels disclosure of any Protected Material, that Party must:

    (a)  promptly notify, and in no event later than seven (7) days following receipt thereof, the Designating Party in writing. Such notification shall include a copy of the subpoena, discovery request, or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or order to be served or issued in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable requests by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or order issued or discovery request was served, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential documents or information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential documents or information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party documents or information requested is subject to a confidentiality agreement with a Non-Party;

08032-00008/3122371.2

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to seek other appropriate relief within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the appropriate court unless otherwise required by law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or facilitate their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties have negotiated a Discovery Stipulation, which is being submitted to the Court concurrent with this Order. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and this Stipulated Protective Order. Additionally, subject to the provisions of Federal Rule of Evidence 502(e)(d), privilege or protection is not waived by inadvertent disclosure connected with the litigation pending before this Court and such disclosure is also not a waiver in any other federal or state proceeding.

### 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable rules and procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

### 14. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, to the greatest extent reasonably possible. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5.

### 15. VIOLATIONS

Any violation of this Order may be punished by all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

SO STIPULATED AND AGREED.

Dated: January 23, 2019

Respectfully submitted,

DESIMONE & ASSOCIATES, LLC

By: /s/ David Beke
    Ralph DeSimone (RD 5634)
    David Beke (DB 3482)
    745 Fifth Avenue, Suite 500
    New York, NY 10151
    (646) 776-7425

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
    Aaron J. Moss (AMoss@ggfirm.com)
    Ricardo P. Cestero (RCestero@ggfirm.com)
    Steven A. Stein (SStein@ggfirm.com)
    1900 Avenue of the Stars, 21st Floor
    Los Angeles, CA 90067
    (310) 553-3610 (Phone)
    (310) 553-0687 (Fax)

HERRICK FEINSTEIN, LLP
Barry Werbin (BWerbin@Herrick.com)
Elena McDermott (EMcdermott@Herrick.com)
2 Park Avenue
New York, New York 10016
(212) 592-1400 (Phone)
(212) 592-1500 (Fax)
Attorneys for Defendants

SO ORDERED.

Dated: ~~January~~ February 13, 2019

Hon. Naomi Reice Buchwald
United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full entity name, and business and email addresses], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Michael Rapaport, et al., v. Barstool Sports, Inc., et al.,* Case No. 1:18-CV-08783. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full entity name, business address and telephone number] as my agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____
Signature: _____