

**Aaron J. Moss**

D: 310.785.6814
F: 310.201.2314
AMoss@ggfirm.com
File Number: 08032-00008

March 25, 2019

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21A
New York, NY  10007-1312

      Re:    *Michael Rapaport, et al. v. Barstool Sports, Inc., et al.*, SDNY No. 1:18-cv-08783

Dear Judge Buchwald:

      On behalf of Defendant and Cross-Complainant Barstool Sports, Inc. ("Barstool"), we are writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 to address the failure of Plaintiffs Michael Rapaport and Michael David Productions, Inc. (together, "Rapaport") to produce documents responsive to Barstool's requests.

      Rapaport served his responses to Barstool's document requests six weeks ago.  His counsel initially represented in meet-and-confer discussions that Rapaport would start producing responsive documents by March 15, but he has not done so, nor has he given any indication as to when documents will be produced.

      Barstool is mindful of the Court's stated expectation at the February 12, 2019 conference that the parties would complete substantial discovery before the end of April.  Barstool has attempted to do so, unfortunately without success.  We are therefore writing to request that the Court conduct a conference call with the parties to discuss these issues, in a final attempt to resolve them short of a motion to compel.

      On February 11, 2019, Rapaport served responses to Barstool's document requests but neither produced documents in connection with his responses nor stated when he would do so. *See Granados v. Traffic Bar & Rest., Inc.*, 2015 WL 9582430, at *3 (S.D.N.Y. Dec. 30, 2015) (response was "thoroughly deficient," where the responding parties "gave no indication as to when documents would be produced"); *Fischer v. Forrest*, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (ordering responding parties to revise their responses to comply with Rule 34 where the responses did "not indicate when documents and ESI that defendants are producing will be produced").

      The next day, the Court held a Rule 16 conference, directing the parties to make substantial progress on discovery over the next two months.

      Barstool thereafter sent a meet-and-confer letter dated February 15, 2019 requesting, among other things, that Rapaport amend his responses to provide a reasonable time frame by which he would produce documents.  On February 26, counsel for the parties met and conferred

Hon. Naomi Reice Buchwald
March 25, 2019
Page 2

over the phone.  Counsel for Rapaport represented that he would start a rolling production of documents by March 15 and complete his production by March 29.  Counsel further agreed that Barstool would produce its own documents following Rapaport's production.[1]  During a March 8 meet-and-confer call, counsel for Rapaport reiterated that he would start producing documents by March 15.

Nevertheless, without any explanation, he did not do so.  Counsel for Barstool repeatedly followed up about the status of the document production.  On March 20, Rapaport's counsel stated that he would begin his production "shortly," but did not respond to further correspondence requesting that he produce documents by a specific date.  To date, the only documents produced in this case have been Rapaport's medical records, which were subpoenaed from his doctors.

Although we are normally hesitant to involve the Court in discovery disputes, we are hopeful that an informal conference call may assist the parties in resolving this matter.

.

Sincerely,

Aaron J. Moss

cc: Ralph DeSimone, Esq.
David Beke, Esq.
Ricardo Cestero, Esq.
Steven Stein, Esq.
Barry Werbin, Esq.
Elena McDermott, Esq.

---

[1] Rapaport did not serve his first set of document requests until about one month after Barstool served its requests.

08032-00008/3154390.3