UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

MICHAEL RAPAPORT and MICHAEL        :
DAVID PRODUCTIONS, INC.,
                                    :
            Plaintiffs,
                                    :
                                         Case No. 1:18-CV-08783
      -against-                     :

BARSTOOL SPORTS, INC., ADAM SMITH,  :    **PLAINTIFFS' MEMORANDUM IN**
KEVIN CLANCY, ERIC NATHAN and            **SUPPORT OF MOTION TO FILE**
DAVID PORTNOY,                      :    **DOCUMENT UNDER SEAL**

            Defendants.             :

                                    :
------------------------------------- X
------------------------------------- X
BARSTOOL SPORTS, INC.,              :

            Counterclaimant,        :

      -against-                     :

MICHAEL RAPAPORT and MICHAEL        :
DAVID PRODUCTIONS, INC,

            Cross-Defendants.       :

                                    :
------------------------------------- X

## PRELIMINARY STATEMENT

Plaintiffs Michael Rapaport and Michael David Productions, Inc. ("Plaintiffs") submit this

memorandum of law in support of their motion to file under seal Plaintiff Michael David

Productions, Inc.'s Production and Distribution Agreement (the "Agreement") with Luminary

Media LLC ("Luminary") attached hereto as Exhibit A.

## BACKGROUND

Plaintiffs request this Court's permission to file the Agreement under seal which contains information vital to Plaintiffs establishing damages with respect to their defamation and breach of contract claims against Defendants.

Courts frequently recognize that not all information filed in court should be subject to public disclosure. This is particularly true in connection with documents and information filed with motions of this nature, which contain highly confidential business information that is not generally available to the public. Likewise, courts have found that documents should be sealed when their disclosure would harm the interest of a third party against commercial competitors.

Here, Plaintiffs request the Court's permission to file an agreement under seal that was entered into with a non-party to this suit. The disclosure of this Agreement would risk exposing the innocent third party to significant commercial risks from its competitors. Moreover, the Agreement contains a provision that obligates its signed parties to keep the terms of the Agreement confidential. Both Plaintiffs and Luminary therefore have significant interest in maintaining the confidentiality of the commercially sensitive information contained in the Agreement.

For the reasons set forth below, Plaintiffs respectfully request that the Agreement containing confidential information be filed under seal.

## APPLICABLE LAW

While there is a presumption of public access to judicial documents under the common law and First Amendment, "the court must balance competing considerations" against such a presumption of access. *Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110, 120 (2d Cir. 2006). "The Court of Appeals for the Second Circuit has held that the decision whether to seal court records requires weighing the importance of the presumption of public access, depending on the

type of judicial function at issue, against the interests sought to be protected by sealing." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 610-11 (S.D.N.Y. 1998).

"Congress itself has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary." *In re Fairfield Sentry Ltd.*, 2011 U.S. Dist. LEXIS 105770, at *26 (S.D.N.Y. Sep. 15, 2011). "The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions." *Refco Grp., LLC v. Cantor Fitzgerald, L.P.*, 2015 U.S. Dist. LEXIS 92301, at *23 (S.D.N.Y. Jul. 15, 2015). Among the "countervailing factors" that may outweigh the public interest in disclosure are "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

"A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467, 2017 U.S. Dist. LEXIS 128000, *10 (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)). "Because the 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of public access and a request to seal, and because records which would aid '[c]ommercial competitors seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access, the Court has previously sealed similar documents." *United States SEC v. Ahmed*, 2018 U.S. Dist. LEXIS 152504, *8-9 (internal citation omitted). The court may issue an order to protect a party by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G).

In the Southern District of New York, documents containing proprietary business information are appropriate for sealing. A document may be filed under seal if it "contains

sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff." *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 2016 U.S. Dist. LEXIS 190345, at *5 (S.D.N.Y. June 20, 2016). A document should be filed under seal if it involves the party's "privacy interests" and would likely cause harm to the party if revealed to competitors. *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 U.S. Dist. LEXIS 42261, at 40-41 (S.D.N.Y. Mar. 29, 2016). A party's interest in protecting confidential business information may outweigh the qualified First Amendment presumption of public access. S*tandard Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind*., 347 F. App'x 615, 617 (2d Cir. 2009). Privacy interests outweigh the presumption of public access and documents may be filed under seal when they contain highly proprietary material, including business information. *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011). "Undisclosed business and proprietary information deserves protection." *Sherwin-Williams Co. v. Spitzer*, 2005 U.S. Dist. LEXIS 18700, at *66 (N.D.N.Y. Aug. 24, 2005). Assertions that a party's "competitors who do not now have this information could use it to do competitive injury" is a sufficient basis to grant a motion to seal. *Gelb v. American Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993). Parties "have a significant interest in maintaining the privacy of their proprietary information and that information would traditionally be considered private rather than public." *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 U.S. Dist. LEXIS 107801, at *42 (S.D.N.Y. Jul. 31, 2012). As set forth herein, the document at issue contains proprietary business information that is appropriate for sealing.

## **ARGUMENT**

Here, the Agreement contains proprietary terms of Plaintiffs' business agreement with Luminary. Luminary is a podcast platform that was founded less than two years ago. Because of the infancy of Luminary's business, there is a strong interest in keeping the terms of the its

agreements, including its Agreement with Plaintiffs, confidential. The terms of the Agreement clearly classify as the type of "sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm" as contemplated by *Awestruck Mktg. Grp*. This assertion alone is a sufficient basis to grant Plaintiffs motion to seal. *Gelb*, 813 F. Supp. at 1035. Luminary has a significant interest in maintaining the privacy of its proprietary information and should not be exposed to the risk of being put at a disadvantage against commercial competitors. This interest is even greater where, as is the case here, the third party is unaffiliated with the litigation. This privacy interest "should weigh heavily" in this court's balancing equation' between the presumption of public access and a request to seal.

Furthermore, because the Agreement includes a provision that requires its terms be kept confidential, Plaintiffs should not be forced to choose between the fair adjudication of its claims and the willful violation of the Agreement. The terms of the Agreement are significant to evidencing Plaintiffs' damages with respect to their defamation and breach of contract claims against Defendants, which will be considered by this Court in Plaintiffs' forthcoming motion for summary judgment.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion to seal should be granted.

Dated: February 27, 2020          Respectfully submitted,

/s/ Richard S. Busch
Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 726-5422
Facsimile: (615) 726-5417
rbusch@kingballow.com
*Attorney for Plaintiff*