KING & BALLOW
LAW OFFICES
315 UNION STREET
SUITE 1100
NASHVILLE, TENNESSEE 37201

TELEPHONE: 615/259-3456
FACSIMILE: 615/254-7907

www.kingballow.com

February 27, 2020

*Via ECF*
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

  Re: *Michael Rapaport et. al., v. Barstool Sports, et. al.* Case No. 1:18-cv-08783

Dear Judge Buchwald:

  We represent Plaintiffs Michael Rapaport and Michael David Productions, Inc. (collectively "Plaintiffs") in the above referenced action. This letter is submitted pursuant to your Honor's Rules of Individual Practice, Section 2(E)(1) to accompany Plaintiffs' Memorandum in Support of Motion to File Document Under Seal ("Memorandum").

  Plaintiffs request your Honor's permission to file an agreement ("Agreement") under seal that contains highly confidential business information, the disclosure of which would put Luminary Media LLC ("Luminary"), a non-party, at significant risk of harm by commercial competitors. Moreover, the Agreement contains a provision that obligates its signed parties to keep the terms of the Agreement confidential. Both Plaintiffs and Luminary therefore have significant interests in maintaining the confidentiality of the commercially sensitive information contained in the Agreement.

  Plaintiffs seek to file the Agreement, attached as Exhibit A to Plaintiffs' Memorandum, as it contains information vital to Plaintiffs' establishment of damages with respect to their defamation and breach of contract claims against Defendants.

  **Governing Law**

  "The Court of Appeals for the Second Circuit has held that the decision whether to seal court records requires weighing the importance of the presumption of public access, depending on the type of judicial function at issue, against the interests sought to be protected by sealing." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 610-11 (S.D.N.Y. 1998). "The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions." *Refco Grp., LLC v. Cantor Fitzgerald, L.P.*, 2015 U.S. Dist. LEXIS 92301, at *23 (S.D.N.Y. Jul. 15, 2015). Among the "countervailing factors" that may outweigh the public interest in disclosure are "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

Hon. Naomi Buchwald
February 27, 2020
Page 2

"A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467, 2017 U.S. Dist. LEXIS 128000, *10 (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)). "Because the 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of public access and a request to seal, and because records which would aid '[c]ommercial competitors seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access, the Court has previously sealed similar documents." *United States SEC v. Ahmed*, 2018 U.S. Dist. LEXIS 152504, *8-9 (internal citation omitted). The court may issue an order to protect a party by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G).

In the Southern District of New York, documents containing proprietary business information are appropriate for sealing. A document may be filed under seal if it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff." *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 2016 U.S. Dist. LEXIS 190345, at *5 (S.D.N.Y. June 20, 2016). A document should be filed under seal if it involves the party's "privacy interests" and would likely cause harm to the party if revealed to competitors. *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 U.S. Dist. LEXIS 42261, at 40-41 (S.D.N.Y. Mar. 29, 2016).

Privacy interests outweigh the presumption of public access and documents may be filed under seal when they contain highly proprietary material, including business information. *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011). "Undisclosed business and proprietary information deserves protection." *Sherwin-Williams Co. v. Spitzer*, 2005 U.S. Dist. LEXIS 18700, at *66 (N.D.N.Y. Aug. 24, 2005). Assertions that a party's "competitors who do not now have this information could use it to do competitive injury" is a sufficient basis to grant a motion to seal. *Gelb v. American Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993). Parties "have a significant interest in maintaining the privacy of their proprietary information and that information would traditionally be considered private rather than public." *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 U.S. Dist. LEXIS 107801, at *42 (S.D.N.Y. Jul. 31, 2012).

**Argument**

Here, the Agreement contains the proprietary terms of Plaintiffs' business agreement with Luminary. Luminary is a podcast platform that was founded less than two years ago. Because of the infancy of Luminary's business, there is a strong interest in keeping the terms of the its agreements, including its Agreement with Plaintiffs, confidential. The terms of the Agreement clearly classify as the type of "sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm" as contemplated by *Awestruck Mktg. Grp*. This assertion alone is a sufficient basis to grant Plaintiffs motion to seal. *Gelb*, 813 F. Supp. at 1035. Luminary has a significant interest in maintaining the privacy of its

Hon. Naomi Buchwald
February 27, 2020
Page 3

proprietary information and should not be exposed to the risk of being put at a disadvantage against commercial competitors. This interest is even greater where, as is the case here, the third party is unaffiliated with the litigation. This privacy interest "should weigh heavily" in your Honor's balancing equation' between the presumption of public access and a request to seal.

Furthermore, because the Agreement includes a provision that requires its terms be kept confidential, Plaintiffs should not be forced to choose between the fair adjudication of its claims and the willful violation of the Agreement. The terms of the Agreement are significant to evidencing Plaintiffs' damages with respect to their defamation and breach of contract claims against Defendants, which will be considered by your Honor in Plaintiffs' forthcoming motion for summary judgment.

For these reasons, Plaintiffs pray that your Honor grants their Motion to File Document Under Seal.

Respectfully submitted,

*Richard S. Busch*
tns w/p

Richard S. Busch

cc:   All Counsel