UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL RAPAPORT and MICHAEL DAVID
PRODUCTIONS, INC.,

              Plaintiffs,

      - against -

BARSTOOL SPORTS, INC., ADAM SMITH,
KEVIN CLANCY, ERIC NATHAN, and DAVID
PORTNOY,

              Defendants.
------------------------------------X

**MEMORANDUM AND ORDER**

18 Civ. 8783 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    This Memorandum and Order resolves Michael Rapaport's and Michael David Productions, Inc.'s (together, "plaintiffs") motion for leave to file under seal as part of their motion for summary judgment the Production and Distribution Agreement for "I Am Rapaport" (the "Agreement") between Michael David Productions, Inc. and nonparty Luminary Media LLC ("Luminary") under which Luminary agreed to provide production, distribution, and hosting services for plaintiffs' podcasts.

    Plaintiffs do not challenge that the presumption of public access would apply to the Agreement if they were to file it with their motion for summary judgment, and the Court finds no reason to conclude that the presumption would not apply. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)

1

(delineating the circumstances in which the presumption attaches to a document). Where, as here, the presumption of public access applies, the Court must "make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013). The Court "must determine the weight of that presumption," which is a function of "the role of the material at issue in the exercise of Article III judicial power" and "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 119-20.

Plaintiffs maintain that the Agreement "contains information vital to [their] establishing damages with respect to their defamation and breach of contract claims against [d]efendants." ECF No. 82 at 1. While plaintiff does not articulate why that is so, the Court accepts that it is for purposes of this motion. As such, the Agreement is an essential component of plaintiffs' proof and central to the resolution of the parties' cross-motions for summary judgment. Thus, "only the most compelling reasons can justify sealing" the Agreement because it is "the basis for adjudication" rather than a document, "such as [one] passed between the parties in discovery," that "play[s] no role in the performance of Article III functions." Bernstein v. Bernstein Litowitz Berger

2

& Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotation marks omitted).

Plaintiffs contend that two considerations outweigh the strong presumption of public access accorded to the Agreement. First, plaintiffs argue that the Agreement "contains the proprietary terms of [p]laintiffs' business agreement with Luminary" and that those terms "clearly classify as the type of" proprietary information the disclosure of which could competitively injure Luminary. ECF No. 82 at 4-5 (internal quotation marks omitted). A document is appropriately shielded from public access when it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm." Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC, No. 16 Civ. 3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016). However, plaintiffs have completely failed to articulate how disclosing the Agreement would competitively injure Luminary. In fact, plaintiffs do not identify a single provision or term of the Agreement, by citation or otherwise, for which they claim disclosure would injure Luminary. Nor have plaintiffs submitted a declaration from Luminary attesting to the competitive harm it would suffer.

Instead, plaintiffs, without any support from Luminary, levy conclusory assertions that disclosing the Agreement in its entirety would competitively disadvantage Luminary. Such blanket contentions are insufficient to rebut the presumption of public access. The Agreement is 31 single-spaced pages that include four exhibits incorporated by reference. If plaintiffs thought the Court would carefully parse the Agreement for what it surmised were commercially sensitive terms, and then hypothetically ponder whether the disclosure of those terms would competitively injure Luminary, then plaintiffs thought wrong. "Judges are not like pigs, hunting for truffles buried in" 31-page contracts. U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam).

Second, plaintiffs argue that the Court should permit them to file the Agreement under seal because requiring them to do otherwise would compel them to violate the Agreement's confidentiality clause. However, that clause provides that "[t]he terms and conditions of this Agreement . . . will be kept confidential by the parties . . . except: (a) if a party is legally compelled to do so as may be required by law or to comply with a valid court order of a court of competent jurisdiction . . . ." ECF No. 84 at 22. Thus, while the Agreement prohibits the parties from disclosing its terms, contrary legal obligations, including the presumption of public access, qualify that prohibition.

4

Plaintiffs therefore would not violate the Agreement if the right to public access mandated disclosure of the Agreement. Moreover, if the Court was to find that the Agreement's confidentiality provision rebutted the presumption of public access, then it would not only eviscerate an express exception to that prohibition, but also sanction a loophole under which contracting parties could insert confidentiality clauses in their agreements in order to thwart "[t]he common law right of public access to judicial documents [that] is said to predate the Constitution." U.S. v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995).

The Court accordingly finds that plaintiffs have failed to rebut the strong presumption of public access accorded to the Agreement, and therefore plaintiffs' motion for leave to file the Agreement under seal is denied. The Clerk of Court is respectfully directed to terminate all motions pending in this case.

**SO ORDERED.**

Dated: New York, New York
March 2, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE