# KING & BALLOW
LAW OFFICES
315 UNION STREET
SUITE 1100
NASHVILLE, TENNESSEE 37201

TELEPHONE: 615/259-3456

FACSIMILE: 615/254-7907

www.kingballow.com

March 6, 2020

*VIA ECF*
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Michael Rapaport et al., v. Barstool Sports, et al.*, Case No. 1:18-cv-08783

Dear Judge Buchwald:

  We represent Plaintiffs Michael Rapaport and Michael David Productions, Inc. (collectively "Plaintiffs") in the above-referenced action. This letter is submitted pursuant to Your Honor's Rules of Individual Practice, Section 2(E)(1) to accompany Plaintiffs' Memorandum in Support of Motion for Summary Judgment or, in the alternative, Summary Adjudication ("Memorandum") on various counts raised in Plaintiffs' First Amended Complaint ("FAC") and Barstool Sports' ("BSI") Counterclaim. In accordance with Federal Rule of Civil Procedure 56, Plaintiffs are entitled to judgment as a matter of law on the following counts.

  **Breach of Contract: FAC Count I / BSI's Counterclaim.** BSI breached Section 8 of the Principal Agreement and Section 3(b) of the Standard Terms ("Standard Terms") of the Talent Agreement by terminating Mr. Rapaport on February 18, 2018 and failing to pay him the remaining $200,000 of guarantees owed to him under the Principal Agreement. BSI failed to comply with the 90-day notice provision if Mr. Rapaport was terminated for convenience or the 15-day notice and cure provision if Mr. Rapaport was terminated for cause. Further, Mr. Rapaport did not bring himself or BSI into public disrepute. Barstool actively promotes itself through controversy, engaging in frequent insults against its fans, and Mr. Rapaport's actions were in line with other BSI employees. BSI attempts to use Mr. Rapaport's February 17, 2018 tweet as pretext for terminating him, as evidenced by Defendant Portnoy acknowledging other BSI hosts would not have been fired for the same actions and that Mr. Rapaport would not have been fired if he brought in more money. Accordingly, there can be no material dispute of fact that BSI breached Section 8 of the Principal Agreement and Section 3(b) of the Standard Terms by terminating Mr. Rapaport without providing the contractually required notices or opportunity to cure.

  With regard to BSI's counterclaim, the rant and podcast revenue collected by BSI that was attributable to Mr. Rapaport was at least $417,646 as of February 5, 2018, exceeding the $400,000

CENTURY CITY OFFICE:

1999 AVENUE OF THE STARS, SUITE 1100 · CENTURY CITY, CALIFORNIA 90067 · TELEPHONE: 424/253-1255 · FACSIMILE: 888/688-0482

Hon. Naomi Buchwald
March 6, 2020
Page 2 of 3

Mr. Rapaport was guaranteed under the Talent Agreement. Thus, there can be no material dispute of fact that BSI has suffered no damages and summary judgment should be granted to Plaintiffs on BSI's counterclaim.

**Breach of Contract: FAC Count II.** BSI breached Section 12 of the Principal Agreement by failing to use good faith efforts to secure an opportunity for Mr. Rapaport to produce and host a Weekly Show. As defined in the Term Sheet agreed to between Plaintiffs and BSI, good faith efforts meant that BSI would provide a Weekly Show to Mr. Rapaport contingent upon SiriusXM and BSI entering into a channel agreement. Although BSI did enter into an agreement with SiriusXM, BSI did not offer a Weekly Show to Mr. Rapaport. There is little evidence in the record to indicate any efforts were made, must less good faith efforts, to secure Mr. Rapaport a Weekly Show. As such, there can be no material dispute of fact that BSI breached Section 12 of the Principal Agreement.

**Breach of Contract: FAC Count III.** BSI breached Section 13 of the Principal Agreement by failing to pay Mr. Rapaport sums derived from agreements with DraftKings and Casper. Both DraftKings and Casper advertised with Mr. Rapaport during the Term of the Talent Agreement. BSI received money from these advertisements but never dispersed these funds to Mr. Rapaport. Pursuant to the clear contractual terms, there can be no material dispute of fact that BSI breached Section 13 of the Principal Agreement.

**Breach of Contract: FAC Count IV.** BSI breached Section 1 of the Principal Agreement by failing to pay Mr. Rapaport his split of revenue derived form a digital short made to promote the film "Death Wish." BSI derived revenue from the "Death Wish" video which was never paid to Mr. Rapaport. As such, there can be no material dispute of fact that BSI breached Section 1 of the Principal Agreement.

**Breach of Contract: FAC Count VII.** BSI breached Section 3 of the Principal Agreement and Section 3(c) of the Standard Terms by selling shirts after Mr. Rapaport's termination that were based on or associated with Mr. Rapaport or his content without his approval and failing to pay Mr. Rapaport any revenue from shirts that were sold. Defendants have acknowledged that this shirt featured Mr. Rapaport, that approval was not sought from Mr. Rapaport for its sale, that revenue was derived from selling the shirt, and that the shirt was designed prior to Mr. Rapaport's termination. As such, there can be no material dispute of fact that BSI breached Section 3 of the Principal Agreement.

**Breach of Contract: FAC Count VIII.** BSI breached Section 4 of the Principal Agreement by failing to reasonably promote Mr. Rapaport's content and by failing to use good faith efforts to promote Mr. Rapaport and connect him with its network of contacts. At no time during the Term of the Talent Agreement did BSI acquire advertisements for Mr. Rapaport's rant videos. Further, BSI engaged in a campaign of defamatory statements that clearly failed to promote him or his brand. As such, there can be no material dispute of fact that BSI breached Section 4 of the Principal Agreement.

**Fraudulent Inducement: FAC Count IX.** BSI fraudulently induced Plaintiffs to enter into the Talent Agreement by knowingly making false representations about its ability to offer Mr. Rapaport a Weekly Show. BSI made these false representations with the intent to deceive Mr. Rapaport into signing the Talent Agreement and Mr. Rapaport reasonably relied on BSI's material misrepresentations.

**Fraudulent Concealment: FAC Count X.** BSI fraudulently concealed information from Plaintiffs known by it to be material to their decision to enter into the Talent Agreement. At the time the Talent Agreement was executed, BSI knew it was unable to provide Mr. Rapaport with a Weekly Show, BSI knew that the Weekly Show was material to the Talent Agreement, and BSI concealed its inability to provide Mr. Rapaport a Weekly Show. Through internal communications with SiriusXM, BSI had superior knowledge about the likelihood of a Weekly Show which it had a duty to disclose to Mr. Rapaport. BSI failed to disclose this information in order to coerce Mr. Rapaport to enter into the Talent Agreement and Mr. Rapaport reasonably relied on BSI's material misrepresentations.

**Defamation & Defamation Per Se: FAC Count XI.** Defendants engaged in a repeated and reprehensible campaign of defamation against Mr. Rapaport that constitutes defamation per se as a matter of law. Defendants repeatedly stated publicly that Mr. Rapaport has herpes, that he beat his "ex" making her "black and blue" (i.e., stating on a video released by defendants that they were going to end up "making you look as black and blue as your ex," which was then followed immediately by a picture of Rapaport's ex-girlfriend), and stated repeatedly that Mr. Rapaport is a "racist," "low key racist," a "race-baiter," and a "fraud." As a matter of law, false statements that Mr. Rapaport has a sexually transmitted disease or beat a woman is defamation per se. Repeated statements that Mr. Rapaport is various forms of a racist and a fraud are likewise actionable because, among other reasons, Defendants' statements suggest that they are based on undisclosed facts and personal knowledge. These statements were made with actual malice, as evidenced by Defendants openly recruiting their fans to attack Mr. Rapaport and by statements that Defendants were "at war" with Mr. Rapaport. The defamation and the resulting ratings, reviews and comments have been devastating to Plaintiffs and to their businesses, resulting in significant emotional and physical hardship to Mr. Rapaport.

For these reasons, Plaintiffs pray that your Honor grant their Motion for Summary Judgment or, in the alternative, Summary Adjudication.

Respectfully submitted,

/s/ Richard S. Busch

Richard S. Busch

cc: All Counsel