**KING & BALLOW**
LAW OFFICES
315 UNION STREET
SUITE 1100
NASHVILLE, TENNESSEE 37201
TELEPHONE: 615/259-3456
FACSIMILE: 615/254-7907
www.kingballow.com

**Direct Dial: (424) 253-1255**
**Direct Facsimile: (888) 688-0482**
**E-mail: rbusch@kingballow.com**

April 12, 2021

*Via ECF*
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

   Re: **Michael Rapaport and Michael David Productions, Inc., v. Barstool Sports, Inc., Adam Smith, Kevin Clancy, Eric Nathan and David Portnoy. Case No. 1:18-cv-08783**

Dear Judge Buchwald:

  We represent Plaintiffs Michael Rapaport and Michael David Productions, Inc. (collectively "Plaintiffs") in the above-referenced action. This letter is submitted pursuant to Your Honor's Rules of Individual Practice, Section 2(E)(l), to accompany Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Reconsideration of this Court's March 29, 2021 Memorandum and Order, Or, In the Alternative, For Certification of Interlocutory Appeal ("Motion"). Plaintiffs bring their Motion with respect to Counts VIII-XI of the FAC and Barstool's Counterclaim. In accordance with the rules of this Circuit, Plaintiffs can demonstrate that this Court's March 29, 2021 Memorandum and Order (ECF No. 151) ("Order") resulted from clear error with respect to governing law and overlooked certain key undisputed evidence in the record. Plaintiffs also submit new evidence that did not exist when Plaintiffs' Motion for Summary Judgment (ECF No. 103) ("P's Motion") against Defendants Barstool Sports, Inc. ("Barstool"), David Portnoy ("Mr. Portnoy"), Adam Smith ("Mr. Smith"), Kevin Clancy ("Mr. Clancy"), and Eric Nathan ("Mr. Nathan") (collectively "Defendants") and Defendants' Motion for Partial Summary Judgment (ECF No. 119) ("D's Motion") were filed.

  **BSI's Counterclaim, Count I.** Barstool's Counterclaim seeks $400,000 under the basis that Barstool terminated the Talent Agreement for cause. Regardless of whether Barstool had proper cause for terminating the Talent Agreement, Barstool would still be precluded from recovery due to a lack of damages.

  Under Paragraph 3(b) of the Standard Terms, if the Talent Agreement is terminated by Barstool for Mr. Rapaport's material breach, "any pre-paid portions of [his] Guarantees will

Hon. Naomi Buchwald
April 12, 2021
Page 2

immediately be refunded to Barstool and the only amounts owed to [him] by Barstool will be [his] share of any Rant Revenue or Podcast Revenue collected by Barstool through the date of termination." In other words, Barstool's counterclaim can only survive if 1) Mr. Rapaport committed a material breach, and 2) Mr. Rapaport was paid more in guarantees than his share of accrued Rant Revenue and Podcast Revenue.

P's Motion identified an internal document ("Revenue Document") prepared by Barstool that shows that Barstool already recouped all guarantees paid to Mr. Rapaport, and as such, Barstool has no damages for which it can pursue. In fact, not only does Barstool have no damages for which to recover, but Mr. Rapaport is actually owed $17,646.

Although the Order recognized the existence of the Revenue Document, the Court overlooked key aspects of the document and gave unwarranted credence to Defendants' untenable and illogical interpretation. This oversight resulted in clear error when the Court found triable issues to exist as to how to interpret the Revenue Document. Plaintiffs' Motion for Reconsideration provides further guidance to the Court so as to rectify these oversights and allow the Court to properly grant Plaintiffs summary judgment on this claim.

**FAC, Counts IX-X**. Plaintiffs' FAC alleges fraud as to various representations and omissions relating to Barstool's ability to provide a Weekly Show on Sirius Radio. In ruling on P's Motion and D's Motion, the Court erroneously concluded that "Rapaport's fraud claims about Barstool's ability and obligation to secure him an opportunity for a weekday show impermissibly duplicate his breach of contract claim premised on the 'good faith efforts' provision of the Talent Agreement." The Court's conclusion that false statement by a party about its ability to perform under a contract are duplicative of contract claims contradicts the widely accepted law of this Circuit, including this District, and is in clear error. However, to the extent this Court disagrees with its peers in this Circuit, including those in this District, and those in New York state courts on what the controlling law is regarding the duplicity of fraud claims with contract claims, the issue should be certified for an immediate interlocutory review given this Circuit's authority cited in the instant Motion that is in direct conflict with this Court's Order.

The Order also erroneously stated, in clear error, that Mr. Rapaport offered no 1) argument that Barstool made misleading partial disclosures, and 2) evidence of special damages. Plaintiffs' Motion for Reconsideration endeavors to remedy this oversight by directing the Court to extensive arguments and evidence already in the record that demonstrate clearly that 1) Barstool made misleading partial disclosures and 2) special damages resulted from Barstool's fraud. Such evidence includes a multi-page breakdown of special damages resulting from Barstool's fraud, including a comparison between Mr. Rapaport's contract with Barstool and another contract offered by CBS that would have made him more money than his deal with Barstool.

Additionally, the order erroneously applies the "special facts doctrine," resulting in clear error. Plaintiffs' Motion for Reconsideration provides further case law and guidance to the Court in seeking to remedy this misapplication of law.

Given these significant oversights, this Court should reverse its Order and either grant summary judgment to Plaintiffs or, at a minimum, allow Counts IX-X of the FAC to proceed to trial. In the alternative, should this Court decide against reviving Plaintiffs' claims, the deciding issue should be certified for an immediate interlocutory review.

**FAC, Count VIII**. The Order refused to rule on Count VIII of the FAC which identifies Barstools clear breach of its duty to "[u]se good faith efforts to promote [Rapaport] and [his] brand" when, *prior to Mr. Rapaport's termination*, Barstool engaged in a campaign designed to destroy Mr. Rapaport and his brand. The Court made this decision based on a *sua sponte* presumption that the interest of contracting parties are generally coterminous, and presumably, Barstool would not have been motivated to attack its own employee.

The Order's reliance on a presumption that is directly contradicted by significant portions of the record constitutes clear error, and Plaintiffs' Motion for Reconsideration directs this Court to the abundance of evidence already in the record which rebuts this presumption. In addition, Plaintiffs provide new evidence that did not exist when P's Motion, D's Motion, and the supporting documents were filed. This evidence directly refutes the Court's presumption that Barstool would not be motivated to attack its own employees, and the evidence includes documentation of Barstool's Editor in Chief, who participated in the attacks against Mr. Rapaport, admitting to posting an article designed to make another Barstool employee look like "a bigoted know-nothing and a howling racist" because he "hated" that employee. He further admits to timing the article's release to maximize the audience of the article and to cause Barstool's fans to go on the attack and to cause a spiral of controversy.

Given the uncontroverted facts presented by Plaintiffs, to which Defendants provided no evidence, arguments, or case law in response, it was clear error not to grant Plaintiffs summary judgment on this issue.

**FAC, Count XI.** The Order erroneously, in clear error, dismisses Plaintiffs' fraud claims on the basis that Plaintiffs did not "offer any objective evidence that would prove that the 'fraud,' 'hack,' 'wannabe,' or 'liar' statements are false. However, Plaintiffs submitted ample evidence on this issue, including evidence showing that Defendants' purported "disclosed" basis for their representations was knowingly false. Plaintiffs' Motion for Reconsideration directs the Court to such evidence. Plaintiffs similarly direct the Court to significant evidence that Barstool's audience interpreted Defendants' statements as true, which appears to have been overlooked by the Court. Given this clear error, Plaintiffs' respectfully request that Plaintiffs' defamation claims be allowed to proceed to trial, or, in the alternative, certified for an immediate interlocutory review.

Hon. Naomi Buchwald
April 12, 2021
Page 4

        Respectfully submitted,

        <u>/s/Richard S. Busch</u>

        Richard S. Busch

cc:    All Counsel